UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES LEE MOULTRIE, JR.,

    Plaintiff,

v.                                        Case No. 3:21cv4036-LC-HTC

PATRICIA D. KELLY and
JOHN A. FOX,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff, Charles Lee Moultrie, Jr., a pretrial detainee proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. §1983, alleging he was subject to an illegal search and seizure when he was arrested by the Pensacola Police Department. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons that follow, the undersigned respectfully recommends this case be dismissed as Plaintiff's claims are barred by

the *Younger* abstention doctrine[1] and for Plaintiff's failure to comply with Court orders.

As an initial matter, the Court notes that this is the second suit Plaintiff has brought in this Court arguing that his November 3, 2020 arrest violated his right to be free from an illegal search and seizure. The Court dismissed Plaintiff's previous suit, *Moultrie v. Pensacola Police Department*, 3:21-cv-01052-LC-HTC, *sua sponte* for lack of jurisdiction based on the *Younger* abstention doctrine. Despite Plaintiff's attempt to add additional facts to the current complaint, his claims here fare no better. The state criminal action is still pending, and thus Plaintiff continues to have an avenue to argue in that action that the search was illegal.

## I.   BACKGROUND

Plaintiff sues Officers Patrick D. Kelly and John A. Fox of the Pensacola Police Department for violating his Fourteenth Amendment and Fourth Amendment rights. ECF Doc. 1 at 8. Plaintiff claims Defendants illegally searched his residence and his "personal concealed bag" without consent or a search warrant. *Id.* The following facts are taken from Plaintiff's complaint and are accepted as true for purposes of this order.

On November 3, 2020, "Officer Patrick D. Kelly along with several other officers entered [Plaintiff's] residence at the Days Inn Motel, 710 N. Palafox Street,

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

Case No. 3:21cv4036-LC-HTC

Room #168 Pensacola, FL 32501" with neither a search warrant nor Plaintiff's consent. ECF Doc. 1 at 5. Officers were "claiming to search for other occupants and to secure [Plaintiff's] room." *Id.* Officer Kelly "got the key from the motel staff without inquiring [with Plaintiff] to do so." *Id.*

According to Plaintiff, "the question is: if my room was unsecured then why would [Officer Kelly] need a key[?] If (sic) key was needed then that means the room was already secured . . ." *Id.* Plaintiff "did not give the officers consent to enter [his] room." *Id.*

Also, "on November 3, 2020, Officer John A. Fox, Officer Lieutenant Thompson and K9 Officer Zachary Harris detain[ed] [Plaintiff] and two other occupants inside of (sic) car parked 'Buick Sedan bearing FL tag #PCFS20.'" ECF Doc. 1 at 6. Officer Harris "then deployed the K9 from his vehicle and he began to walk the animal around the vehicle while Officer Fox stood blocking the driver side door." *Id.* "Lieutenant Thompson stood blocking the passenger side door where [Plaintiff] was seated." *Id.* "Officer Harris claimed the K9 alert on the vehicle." Then, Officer Fox instructed Plaintiff (passenger), Bailey J. Fielder (back seat passenger), and Daniel L. Beasley (driver seat occupant) to exit the vehicle. *Id.*

Officer Fox began "to search through [Plaintiff's] personal concealed bag without a search warrant or consent from [Plaintiff] or any other occupant of the vehicle." *Id.* "The bag was on the floor of the passenger side of the vehicle where

Officer Fox and Lieutenant Thompson knew [Plaintiff] was seated before [he] was instructed to exit the vehicle." ECF Doc. 1 at 7. "Doing (sic) this flagrant and misconduct of the officers (John A. Fox, Zachary Harris, Lieutenant Thompson) I myself and or none of the occupant of the vehicle was be (sic) arrested so therefore the search of the vehicle was illegal. I myself or anyone of the vehicle committed, commit, or was committing a crime, I myself or anyone of the vehicle wasn't handed a citation for a traffic violation so the search was illegal." *Id.*

As relief, Plaintiff requests "lost of wages" for being incarcerated in the amount of $31,200, $117,000 "for false incarcerat[ion]," and $117,000 for "slander of character," totaling "$265,200." *Id.* at 8.

## II.   LEGAL STANDARD

Because Plaintiff is a pretrial detainee seeking relief against governmental officers, the Court is required to review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a).[2] In reviewing Plaintiff's complaint, the Court must read Plaintiff's allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

---

[2] *See Brown v. Aramark Correctional Services, LLC*, 2019 WL 2423977, at *1 n.2 (M.D. Fla. June 10, 2019) (noting that "the plain language of § 1915A makes clear that the section applies to complaints filed by pretrial detainees").

### III. *YOUNGER* ABSTENTION DOCTRINE

Plaintiff's claims arise from a search and seizure and subsequent drug trafficking charge(s) currently pending in state court: Case Number 2020 CF 4788 A.³ *Id.* As stated above, Plaintiff is *again* attempting to have this Court intercede in his ongoing state criminal proceedings. However, under the *Younger* doctrine, a federal court should abstain from exercising jurisdiction over a matter that is pending in state court. *See Younger v. Harris*, 401 U.S. 37 (1971). As the Eleventh Circuit has explained, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (citing *Younger*, 401 U.S. at 37).

There are three (3) factors for a court to consider in determining whether abstention is required. "[F]irst, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar*

---

³ A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records, available at the following URL: https://public.escambiaclerk.com/BMWebLatest/CourtCase.aspx/Details/2616463?digest=AD11UI5xmmj2UScasPFvpQ

*Ass'n*, 457 U.S. 423, 432 (1982); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.,* 124 F.3d 1258, 1261 (11th Cir. 1997). Each of those factors are met here.

The first factor is clearly met. A review of the online docket in Plaintiff's current state case reveals that, Plaintiff was arrested on November 3, 2020 and charged the next day. *See* Escambia County Docket, Case Number 2020 CF 4788 A. According to the arrest report, the events of Plaintiff's arrest entail the same events described in the instant complaint—namely, a search of Room 168 at the Days Inn Motel, a traffic stop of a Buick sedan, and a search of Plaintiff's bag. *Id.* After Plaintiff's arrest, the Court held a Florida Rule 3.133 probable cause hearing, and determined probable cause existed for the arrest. *Id.* The Court also set bond at $50,000. *Id.* The case appears to be in the discovery stage, and Plaintiff has an upcoming docket day on January 25, 2022 in front of Judge John F. Simon. *Id.*

The second *Middlesex* factor—whether the state proceedings implicate an important state interest—is also clearly met. Plaintiff faces charges for violations of state criminal law. It goes without saying that states have an interest in prosecuting their own laws. *See Juidice v. Vail*, 430 U.S. 327, 335 (1977) (recognizing important state "interest in the enforcement of its criminal laws"); *Patterson v. Miami Dade Corr. Rehab. Dep't*, 2018 WL 10609958, at *1 (S.D. Fla. Dec. 26, 2018), *report and recommendation adopted*, 2019 WL 8348958 (S.D. Fla. Jan. 11, 2019) (finding that

plaintiff who was "being charged with a misdemeanor of resisting officers without violence" involved "important state interests").

The final *Middlesex* is also met because there is no procedural bar to Plaintiff raising the instant claims in his state court cases. According to the Eleventh Circuit, an "[a]dequate opportunity to raise constitutional challenges exists so long as state procedural law does not bar the party from raising the constitutional claim." *Daniels*, 578 F. App'x at 811. Moreover, "interference in pending proceedings is inappropriate unless state law clearly bars the interposition of . . . [federal] constitutional claims." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (internal quotation marks omitted) (citing *Middlesex*, 457 U.S. at 432). "The burden of showing inadequacy of state procedure for this purpose rests with the federal 'plaintiff.'" *Id.* (citing *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987)).

Plaintiff has not met that burden. Here, Plaintiff may contest his allegedly unreasonable search and seizure in state court, before his trial, during his trial, and on direct appeal. That is, what occurred during the search, whether any rights were violated, and whether the evidence is admissible, are matters that will be before the state court. *Ford v. Brookins*, 2019 WL 1748123 (S.D. Fla. Apr. 19, 2019) (holding *Younger* abstention applies to unreasonable search and seizure claim because state court determination affects whether search, seizure, and impoundment of vehicle was constitutional). Indeed, it appears that on May 26, 2021, the state court docketed

"Defendant's Motion to Suppress Evidence," which suggests that he filed a motion to suppress the evidence found during the search. *Doby v. Strength*, 758 F.2d 1405, 1406 (11th Cir. 1985) (finding *Younger* abstention of § 1983 claim appropriate where plaintiff raised Fourth Amendment violations in state court trial). Thus, this Court should abstain from exercising jurisdiction over Plaintiff's claims.

### IV. FAILURE TO COMPLY WITH COURT ORDERS

As an additional ground for dismissal, Plaintiff has completely failed to respond to this Court's orders requiring him to file a motion to proceed *in forma pauperis* or pay the filing fee. Thus, dismissal is also appropriate for Plaintiff's failure to comply with an order of the Court.

Plaintiff did not pay the full filing fee or file a sufficient motion to proceed *in forma pauperis* simultaneously with filing the complaint, as he is required to do under this Court's Local Rules. Thus, on December 14, 2021, the Court entered an order denying Plaintiff's motion and ordered Plaintiff to, within twenty-one (21) days, file a second, complete motion to proceed *in forma pauperis*. ECF Doc. 4. Plaintiff was advised his failure to comply with the order may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court. *Id*. Subsequently, because the original order was returned as undeliverable, the Court extended the deadline for Plaintiff to file a second complete

motion to January 24, 2022.[4]  That date, nonetheless, has passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction based on the *Younger* abstention doctrine and also for failure to comply with this Court's orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida on this 1st day of February 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Although Plaintiff is housed at the Escambia County Jail, for some unknown reason the Jail returned the Court's mail to Plaintiff.  Thus, the clerk resent the order to the Plaintiff on January 5, 2022.

Case No. 3:21cv4036-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv4036-LC-HTC